# SUPREME COURT OF THE UNITED STATES

## IN RE TROY ANTHONY DAVIS

### ON PETITION FOR WRIT OF HABEAS CORPUS

No. 08–1443.  Decided August 17, 2009

The motion of NAACP, et al. for leave to file a brief as *amici curiae* is granted.  The motion of Bob Barr, et al. for leave to file a brief as *amici curiae* is granted.  The petition for a writ of habeas corpus is transferred to the United States District Court for the Southern District of Georgia for hearing and determination.  The District Court should receive testimony and make findings of fact as to whether evidence that could not have been obtained at the time of trial clearly establishes petitioner's innocence.  JUSTICE SOTOMAYOR took no part in the consideration or decision of these motions and this petition.

JUSTICE STEVENS, with whom JUSTICE GINSBURG and JUSTICE BREYER join, concurring.

JUSTICE SCALIA's dissent is wrong in two respects. First, he assumes as a matter of fact that petitioner Davis is guilty of the murder of Officer MacPhail.  He does this even though seven of the State's key witnesses have recanted their trial testimony; several individuals have implicated the State's principal witness as the shooter; and "*no* court," state or federal, "has ever conducted a hearing to assess the reliability of the score of [postconviction] affidavits that, if reliable, would satisfy the threshold showing for a truly persuasive demonstration of actual innocence," 565 F. 3d 810, 827 (CA11 2009) (Barkett, J., dissenting) (internal quotation marks omitted).  The substantial risk of putting an innocent man to death clearly provides an adequate justification for holding an evidentiary hearing.  Simply put, the case is sufficiently "exceptional" to warrant utilization of this Court's Rule 20.4(a),

28 U. S. C. §2241(b), and our original habeas jurisdiction. See *Byrnes* v. *Walker*, 371 U. S. 937 (1962); *Chaapel* v. *Cochran*, 369 U. S. 869 (1962).

Second, JUSTICE SCALIA assumes as a matter of law that, "[e]ven if the District Court were to be persuaded by Davis's affidavits, it would have no power to grant relief" in light of 28 U. S. C. §2254(d)(1). *Post*, at 2. For several reasons, however, this transfer is by no means "a fool's errand." *Post*, at 5. The District Court may conclude that §2254(d)(1) does not apply, or does not apply with the same rigidity, to an original habeas petition such as this. See *Felker* v. *Turpin*, 518 U. S. 651, 663 (1996) (expressly leaving open the question whether and to what extent the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to original petitions). The court may also find it relevant to the AEDPA analysis that Davis is bringing an "actual innocence" claim. See, *e.g., Triestman* v. *United States*, 124 F. 3d 361, 377–380 (CA2 1997) (discussing "serious" constitutional concerns that would arise if AEDPA were interpreted to bar judicial review of certain actual innocence claims); Pet. for Writ of Habeas Corpus 20–22 (arguing that Congress intended actual innocence claims to have special status under AEDPA). Even if the court finds that §2254(d)(1) applies in full, it is arguably unconstitutional to the extent it bars relief for a death row inmate who has established his innocence. Alternatively, the court may find in such a case that the statute's text is satisfied, because decisions of this Court clearly support the proposition that it "would be an atrocious violation of our Constitution and the principles upon which it is based" to execute an innocent person. 565 F. 3d, at 830 (Barkett, J., dissenting); cf. *Teague* v. *Lane*, 489 U. S. 288, 311–313 (1989) (plurality opinion).

JUSTICE SCALIA would pretermit all of these unresolved legal questions on the theory that we must treat even the most robust showing of actual innocence identically on

STEVENS, J., concurring

habeas review to an accusation of minor procedural error. Without briefing or argument, he concludes that Congress chose to foreclose relief and that the Constitution permits this. But imagine a petitioner in Davis's situation who possesses new evidence conclusively and definitively proving, beyond any scintilla of doubt, that he is an innocent man. The dissent's reasoning would allow such a petitioner to be put to death nonetheless. The Court correctly refuses to endorse such reasoning.